RICHARD PEPPERLING v. EMPORIUM MERCANTILE
COMPANY, INC.
FLOYD PEPPERLING v. SAME.[1]

February 26, 1937.

Nos. 31,117, 31,118.

*Bundlie, Kelley & Finley* and *William H. Eckholdt,* for appellant.
*A. B. Christofferson, Melvin J. Silver,* and *Stacker & Stacker,* for
respondents.

LORING, JUSTICE.

The minor plaintiff sought recovery in the municipal court of the
city of St. Paul for personal injuries sustained because of the de-

[1]Reported in 271 N. W. 584.

fendant's alleged negligence. His father also brought suit in the same court to recover for medical expenses incurred. The actions were consolidated and tried together and verdicts for $250 and $50, respectively, were returned in favor of the plaintiffs. The defendant appeals from orders denying its motions for judgments notwithstanding the verdicts or for new trials. The question presented by this record is whether or not plaintiffs have established negligence on the part of the defendant.

Defendant maintains a large department store in the city of St. Paul. December 19, 1934, to attract customers to its store, defendant had someone there impersonating Santa Claus. Plaintiff, in company with his father, mother, two brothers, and a sister, went to the toy department of the store, where they remained for about an hour, after which they went down to the main floor and stopped at the drapery department, where the parents engaged for some little time in the selection of some draperies. In going to the drapery department they passed some 10 or 15 cedar chests which were on display on that floor. These chests were located somewhat to the right of an aisle along which they passed. While the parents were engaged in the selection of the draperies, plaintiff and one of his elder brothers became interested in examining the cedar chests, the cover to at least one of which they said was open. Their description of the accident to the plaintiff was that he put his finger upon the chest which was open, and the cover fell on it and caused the injury complained of. Plaintiff and his brother both say that they did not otherwise disturb the chests. Upon this theory of the evidence the plaintiffs' complaints were drawn. Upon cross-examination one of defendant's employes engaged in the wrapping of parcels testified that she saw the boys playing with the cedar chests and opening and closing covers; that her attention was drawn thereto by the noise they made in closing the covers and that they opened one chest by raising the cover higher than they had raised the others and that this was the one that fell on the boy's finger.

The question is fairly presented whether this evidence is sufficient to justify a finding of negligence. As said by Mr. Justice Mitchell in Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69

N. W. 640, 641, after discussing the distinction between negligence and proximate cause:

"If a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all."

We are in accord with the plantiffs' views that the defendant owed this child ordinary care as an implied invitee in its store and that such ordinary care should take into consideration the normal propensities of children of the plaintiff's age, which at that time was seven years; but on this record we can see no reasonable ground for the defendant to anticipate that the display of these cedar chests, either open or closed, upon the floor of its store, would or might result in injury to anybody. Cedar chests are displayed as these were by storekeepers everywhere. To hold that a jury might consider this negligent would be to go beyond the requirement of ordinary care and to establish a rule requiring a very high degree of care upon the part of such storekeeper.

Even if we were to go beyond the allegations of the complaint and seek the ground of liability in the cross-examination of the witness referred to, we could hardly charge the defendant with the wrapping girl's failure to interfere with the activities of the boys when apparently they were opening and closing the chest lids without injury to themselves and had done so with several lids. It would have been obviously beyond her power to reach the boys at the single instant that she saw the lid raised higher than they had previously been raising the lids on the other chests.

The orders of the trial court are reversed with directions to order judgments for the defendant.

MR. CHIEF JUSTICE GALLAGHER, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.

MR. JUSTICE STONE took no part in the consideration or decision of this case.