FRANK GOVEL, an Infant, by NELLIE GOVEL, His Guardian ad Litem, Appellant-Respondent, *v.* BOARD OF EDUCATION OF THE CITY OF ALBANY et al., Respondents, J. EMMETT DOWLING, Defendant-Appellant, et al., Defendants.

JOSEPH GOVEL, Appellant-Respondent, *v.* BOARD OF EDUCATION OF THE CITY OF ALBANY et al., Respondents, J. EMMETT DOWLING, Defendant-Appellant, et al., Defendants.

Third Department, May 3, 1944.

*Anthony T. Pitkiewicz,* attorney for plaintiffs-appellants and respondents.

*Dugan, Barkhuff & Dugan,* attorneys (*Kenneth J. Dugan* of counsel), for defendants-appellants and respondents.

HILL, P. J.   Two causes of action are pleaded in plaintiff's complaint.  On March 5, 1942, his leg was broken during athletic exercises at the Albany High School, defendant-appellant J. Emmett Dowling being the physical education teacher in charge. On April 3d following, he received gunshot wounds in each arm while working in the machine shop maintained by the defendant Board of Education at the Philip Schuyler High School.  Respondent Leo F. Duffy, teacher of related work and vocational subjects, was in charge.  A verdict against the Board of Education and Dowling was recovered by the plaintiff on account of the first accident, and by his father for medical and hospital expenses.  The verdicts against the Board of Education were set aside by the Trial Justice, but not as against Dowling.  He appeals from the denial, and plaintiff and his father appeal from the portion of the order which set aside the verdicts as against the Board of Education.  The jury also returned a verdict against the Board of Education and the instructor Duffy for the injuries received at the Philip Schuyler High School in the second accident, and the father recovered for medical and hospital expenses.  These verdicts were set aside by the Trial Justice, and the plaintiff and his father appeal.

Dowling and plaintiff do not agree as to the exercises in which the latter was engaged when injured, but the jury accepted the version of the plaintiff, and this is not against the weight of evidence.  He was injured upon alighting after a somersault. The apparatus used was a spring board covered with a mat adjacent to one side of parallel bars five feet tall and about twenty inches wide, over which pads had been draped.  This was called the " elephant ".  The floor on the far side was supposed to be covered with a double mat.  Dowling was on the landing side.  Plaintiff, whose weight ranged from one hundred ninety-eight to two hundred four pounds, ran about thirty feet, gained impetus from the spring board, and while turning in the air his foot struck the bars and he fell to the bare floor.  Within a day or two previous another boy had broken his arm in the same exercise, and quite a number had been injured in times past.  The fibula of his right leg was

fractured, which was reduced by the use of a walking cast with a splint so that the weight was upon the knee.

Physical training is required under the Education Law. Pupils over eight years of age are to participate in prescribed courses of instruction in " physical training under the direction of the commissioner of education as the regents may determine " (§ 695). It is the duty of the regents " to adopt rules determining the subjects to be included in courses of physical training " (§ 696). The regents have prepared a syllabus which describes numerous exercises and acrobatic feats. This was used in the examination of Dowling. The acrobatic feat in which plaintiff was injured is not included, but is a combination of two or more exercises. Defendants' witness Moench testified that the somersault over the elevated bars is not generally taught and should be attempted only by exceptional and highly skilled pupils. He was asked: " Q. Is that generally taught? A. That is not generally taught, no sir, only to the highly skilled boys. * * * Q. Is a boy that is highly skilled in this work exceptional? A. I think I would have to agree unfortunately."

It is the duty of a teacher to exercise reasonable care to prevent injuries; to assign pupils to such exercises as are within their abilities and properly and adequately to supervise the activities. Failure so to do constitutes actionable negligence on the part of the teacher. (*Miller* v. *Board of Education*, 291 N. Y. 25; *Popow* v. *Central School District*, 277 N. Y. 538, affg. 251 App. Div. 906; *Hoose* v. *Drumm*, 281 N. Y. 54.) Dowling's negligence may be predicated upon his failure to have mats in place on the far side of the bars, which would have reduced the hazard of plaintiff's fall following the somersault; for assigning plaintiff, who was not exceptionally skilled, to an exercise beyond his prowess which was not recommended in the regent's syllabus, with knowledge of the danger, as several boys had been injured, one within two or three days. The judgment against Dowling should be affirmed.

The gun which inflicted the injury at the Philip Schuyler High School was brought to the room devoted to mechanical work by a pupil named Taylor. Duffy, the teacher and instructor, apparently realizing the danger, consulted with Mapes, assistant director of vocational education of defendant Board of Education, who gave permission. Without ammunition, the portion of the gun which was brought presented no more of a hazard than any other metal cylinder with attachments. The obtaining of permission indicates, and the jury could have inferred, that it was known ammunition was to be brought with the defective gun

to be used in testing during the course of or following the repairs. It was obvious to any one who looked that Taylor was using live ammunition in testing the gun. Duffy was negligent in not adequately supervising the work and for not warning plaintiff and others who were within range of the danger. The comparatively small room was filled with scores of pupils, making the accidental discharge of the gun perilous to a large number of persons. The order setting aside the verdict as against Duffy should be reversed and the verdict reinstated.

The verdicts against the Board of Education may not be sustained under the doctrine of *respondeat superior,* but only if there was failure to perform a statutory duty. (*Lessin* v. *Board of Education,* 247 N. Y. 503; *Miller* v. *Board of Education, supra.*) The statute requires that the Board establish rules and regulations as may be necessary '' for the general management, operation, control, maintenance and discipline of the schools, and of all other educational, social or recreational activities and other interests under its charge or direction '' (Education Law, § 868, subd. 9). The Board failed to enact and enforce necessary rules to prevent defendant Dowling from assigning plaintiff to an activity which his weight and skill rendered dangerous; and rules as to the care and supervision to be exercised by teachers in the position of the defendant Duffy when and if students brought guns needing repair, or other inherently dangerous instrumentalities into crowded class rooms. In view of the statutory liability placed upon a Board of Education to save harmless and indemnify by insurance or otherwise, teachers on account of financial loss arising out of any suit for negligence (Education Law, § 569-a) there may be little practical reason for determining whether these verdicts should be reinstated as against the Board of Education. However, such question seems to be posed on this record. The verdicts should be reinstated as against the Board of Education for failure to establish rules and regulations for the control of the athletic teachers; and concerning inspection and regulation, when and if dangerous instrumentalities like guns are being worked upon in a room peopled by a large number of students.

By stipulation at the beginning of the trial, each of the cases was dismissed on the merits without costs as against the city of Albany.

SCHENCK, J. (dissenting in part). The infant plaintiff, Frank Govel, a young man eighteen years of age, was involved

in two separate and distinct accidents, in each of which he sustained injuries. The first accident occurred March 5, 1942, in the gymnasium of the Albany High School and which has been referred to on this appeal as the gymnasium accident case; the second occurred on April 3, 1942, in the machine shop at the Philip Schuyler High School, referred to as the gun accident case.

The gymnasium accident occurred while plaintiff was a student in the senior class of the High School and a member of a class in physical instruction conducted in the gymnasium by the defendant J. Emmett Dowling, instructor in physical education.

The jury brought in verdicts in favor of the infant plaintiff and in favor of Joseph Govel, his father, in each cause of action. In the gymnasium case the Trial Justice set aside the verdict as to the Board of Education on the ground that there was no proof that the defendant Board failed to provide competent teachers to supervise the gymnasium work, that no defect of structure or equipment was claimed and that the occurrence of the accident could not be attributed to the failure of the Board to adopt rules in respect of maintenance and operation of the gymnasium. However, he denied the motion of the individual defendant Dowling for a dismissal of the complaint. Defendant Dowling has been instructor of physical education at the Albany High School for twelve years and the record indicates that he has had over twenty years' experience and possessed excellent qualifications. He was present in the gymnasium at the time the infant plaintiff was injured while performing exercises from a spring board and over parallel bars. A factual case was presented as to the liability of defendant Dowling, which presented a question for the jury, and the verdict not being against the weight of credible evidence, the motion of Dowling to dismiss the complaint as to him was properly denied. The negligence of a teacher, if any, may not be attributed to the Board of Education. The Board had chosen a competent physical instructor of long experience. Unless it may be found from the evidence that the Board failed to perform a statutory duty, a verdict against it may not be sustained under the doctrine of *respondeat superior*. I find nothing in the record that would warrant a finding that the Board failed in its duty to establish rules and regulations necessary " for the general management, operation, control, maintenance and discipline of the schools, and of all other educational, social or recreational activities and other interests

under its charge or direction '', as required by the Education Law (§ 868, subd. 9) and the motion to dismiss as against the Board was properly granted.

In the gun accident case the evidence shows that the infant plaintiff had made written application for the Defense Training Program conducted in the workshop of the Philip Schuyler High School. He was not a pupil of that school, but was apparently desirous of learning general machine-shop work and joined the class which was conducted by the instructor, defendant Duffy. While working on a lathe machine in the south end of the shop he was injured by a .22 caliber bullet which had been discharged from a rifle which one Robert Taylor, another student, had brought to the workshop for repairs three or four days before the accident. It consisted only of the barrel and breech mechanism. He had completed the repair work and exhibited the finished job to the instructor, defendant Duffy, who examined it and found that the mechanism worked satisfactorily. There was no cartridge in the gun at that time and so far as defendant Duffy knew, there was no ammunition of any sort anywhere on the premises.

I find nothing in the record to impute negligence to the instructor, defendant Duffy, or any evidence which would warrant a finding of liability on the part of the Board of Education. These students, including the infant plaintiff, voluntarily joined this mechanical training class to fit themselves for work in war-plant industry. They were not immature children requiring playground supervision, but high school seniors, most of them of an age which made them liable to induction into military service. They sought an education in practical mechanics in a shop where, under the guidance of competent instructors, machines of various types were made available to them. All sorts of metal objects were repaired at this shop and it does not seem to me that negligence may be predicated on the granting of permission to repair this rifle. Certainly, the granting of such permission alone was not negligent, nor could the instructor be charged with the duty of inspecting every minute item of work that came into the shop. The instructor, defendant Duffy, had inspected the repairs of the mechanism of this rifle and found that the job had been satisfactorily completed. He could not anticipate that it would thereafter be loaded and discharged in the workshop. There is testimony that another student, a friend of the infant plaintiff, saw a bullet in the gun shortly before the shot was fired. The instructor, however, could not be called upon to keep

constant watch over this particular piece of mechanism at all times. Obviously, had this been a chemistry class, the instructor could not be charged with keeping an unremitting watch over the various acids and dangerous chemicals ordinarily found in a laboratory. This rifle in itself was not a dangerous instrument unless loaded. When this loading operation occurred does not appear but surely the instructor, defendant Duffy, could not anticipate that it would be loaded and fired in the workroom.

The orders and judgments dismissing the amended complaints as against the defendant Board of Education and the defendant Duffy, and the order denying the motion of the defendant Dowling for dismissal of the complaints as to him should be affirmed.

Judgments and orders against defendant Dowling affirmed, with costs.

All concur.

Judgments and orders dismissing complaints as to the Board of Education in the *Dowling* cases affirmed, without costs.

All concur, except HILL, P. J.

Judgments and orders dismissing complaints against defendant Duffy reversed on the law and facts and verdicts reinstated, with costs.

Judgments and orders dismissing complaints as to the Board of Education with respect to the causes of action where Duffy is a defendant reversed on the law and facts and verdicts reinstated.

All concur, except HEFFERNAN and SCHENCK, JJ.