Lawrence, J.
The statute involved is the Education Law. Subdivision 15 of section 310 of that statute empowers Boards of Education to employ qualified teachers and such persons as are necessary to conduct and supervise playground activities. Subdivision 9 of section 868 of the Education Law empowers such boards to make regulations for the control of and discipline over schools and recreational activities under their charge.
This action was originally brought against the City of Binghamton and the Board of Education of that city. The complaint against the city was dismissed by consent at the close of the plaintiff’s evidence. No evidence was offered by the defendant board.
*404 Briefly stated, the negligence charged was a failure to furnish adequate supervision of pupils upon school property during a noon recess and a failure to provide a proper place where children of the age of the infant plaintiff might be protected during such recess while waiting for the school to reopen. The issues are whether the defendant board failed to use reasonable care in the supervision of the school playground and whether the supervision furnished was adequate and whether the lack of supervision was the proximate cause of the injuries sustained.
The infant plaintiff was eight years of age. He was a pupil in Grade 2-A in one of the elementary schools in Binghamton. On May 22,1944, he was injured upon the playground at such school during the noon recess. The morning session of the school ended at 11:30 a.m. for pupils in the first three grades. The afternoon session began at 1:15 p.m. Some of the pupils, including the infant plaintiff, went home for lunch. Some of the pupils brought their noon lunches. At 12:30 p.m. those who remained at the school went to the playground and played until 1:00 p.m. Those who went home' for lunch were instructed to return at 1:00 p.m., at which time the principal in charge blew a whistle for the pupils to return to classes. J. Winifred Emmens, whose deposition was taken and read, was in charge of the playground during the noon recess. The other teachers did not return until 1:00 p.m. If the children who went home for lunch, returned before 1:00 p.m., they were sent home, unless it was nearly one o’clock when they appeared.
The Board of Education had issued no instructions for supervision. The playground covered about an acre of ground. It was surrounded by a fence. Principal Emmens had supervised the playground for eighteen years. At 12:30 p.m. there were usually about 40 or 50 pupils upon the playground. That number would increase until 1:00 p.m., when there would usually be 250 pupils there. These pupils would play ball, marbles, tag and games of that nature.
On the day in question shortly before 1:00 p.m., the telephone in the school building rang and the principal went to answer it. The infant plaintiff entered the school grounds before the 1:00 p.m. whistle blew. He entered through a gate and walked about 30 feet along the fence which surrounded the playground and toward a higher fence back of home plate. (Back stop.) When he was about 5 feet from the higher fence another pupil, Wesley Sager, who was not playing ball with the other pupils, batted a stone which hit the infant plaintiff in the right eye and broke his glasses. The plaintiff was taken to the office of the principal and about a minute later the 1:00 p.m. whistle blew.
*405 Prior to the accident the infant plaintiff had impaired vision of the right eye. He was industrially blind in that eye. After the accident he could distinguish between light and darkness. The condition may improve slightly. He suffered a lacerated cornea. An operation was necessary. He was in the hospital a few days. Later he returned to school.
No claim is made that the injury was caused by any defective, equipment or any dangerous or defective condition in the apparatus upon the playground. Plaintiff relies upon Miller v. Board of Education (291 N. Y. 25) and Govel v. Board of Education of City of Albany (267 App. Div. 621) as authority which would entitle the plaintiff to recover here. In the Miller case there was a fire escape with a defective door which enabled the plaintiff there to climb the fire escape. This he did and fell. A verdict in his favor was set aside. The Court of Appeals reversed the judgment based on the order to set aside the verdict and granted a new trial, holding that the jury might find that there was negligence based upon a failure to repair the defective door and might find that such failure was the proximate causé of the accident. In Govel v. Board of Education (supra) a judgment against an instructor in charge of athletic exercises was affirmed upon the theory of negligence in failing to provide a mat upon which pupils might fall in performing somersaults which were not provided for in the Regents syllabus. A second cause of action against the board was based upon negligence for failing to establish rules' for the conduct of pupils when dangerous instrumentalities like guns were being repaired as a part of school training and in a room containing a large number of pupils. The verdict on that cause of action had been set aside. It was reinstated by this court.
The negligence charged here, in effect, is that the Board of Education failed in its duty to the pupils by not providing an additional teacher to answer the telephone and thereby failed to provide adequate protection for pupils during the noon recess.
In order to sustain any recovery, it must be based upon the additional finding that such failure was the proximate cause of the accident. Such finding and conclusion would not be warranted. There were no dangerous or defective conditions. There is no evidence of the length of time Sagar had been batting stones or that the accident would not have happened if there had been another teacher in attendance. Teachers could not be expected to watch all movements of pupils. The plaintiff *406 does not claim that the principal was negligent. There is nothing in the record to show that prior to the accident anything had occurred to suggest that vigilance should have been taken to guard against the occurrence which took place. The board could not be expected to anticipate the action of each pupil. It did not require the principal to answer the telephone. If she chose to answer it and was thereby guilty of a negligent act, the board would not be bound thereby. There would be no justification for finding in the. case at bar that the Board of Education failed to use reasonable care for the safety of pupils and that such lack of care was the proximate cause of the accident. (Kantor v. City of New York, 251 App. Div. 454; Graff v. Board of Education, 258 App. Div. 813, affd. 283 N. Y. 574; Hoose v. Drumm, 281 N. Y. 54; Thompson v. Board of Education, 280 N. Y. 92; Curdo v. City of New York, 275 N. Y. 20; Peterson v. City of New York, 267 N. Y. 204; Prime v. Board of Education, 241 App. Div. 781; Hines v. Board of Education of City of New York, 170 Misc. 745; Clark v. City of Buffalo, 288 N. Y. 62.)
The judgment in favor of the plaintiff and against the defendant Board of Education should be reversed and the complaint dismissed, without costs.
Brewster and Poster, JJ., concur; Hill, P. J., and Heffernan, J., dissent.
Judgment reversed, on the law, and complaint dismissed, without costs. 1