RITA LUCE, an Infant, by Her Guardian ad Litem, ORIN LUCE, et al., Respondents, *v.* BOARD OF EDUCATION OF THE VILLAGE OF JOHNSON CITY et al., Appellants.

Third Department, November 14, 1956.

*Donald W. Kramer* for appellants.

*William K. English* for respondents.

Coon, J.   The judgment, based upon jury verdicts, awards damages to each plaintiff against all three defendants resulting from personal injuries sustained by the infant plaintiff on November 16, 1953, while participating in a physical education class in an elementary school.   The accident occurred while the infant plaintiff, then 11 years of age, was participating in a game called " jump the stick relay " in a physical education class' conducted and supervised by the defendant, Katharine Denton, a physical education teacher.   The defendant Leola Holcomb was the supervising principal of the elementary school in which the accident occurred.   The school was one of the schools under the jurisdiction of the defendant Board of Education.

The infant plaintiff had suffered two previous fractures of her right forearm in accidents unrelated to her school activities, one in 1949 and one in 1950. The 1950 fracture necessitated an open reduction which left a noticeable scar on her forearm, and when she returned to school in the fall of 1950 her arm was in a cast and she did not participate in gymnasium class activities for some time, although she attended the classes. She was excused from participating because of a doctor's certificate that her physical condition did not permit such activity. During the school term in which the accident here involved occurred there was no such doctor's certificate presented, and it appears that the attending physician had given his permission that the infant plaintiff participate in physical education classes in general. There is evidence, however, that the child's mother had advised the principal and the defendant teacher that because of her previous injuries, the child should not participate in "rough games", and the mother testified that she advised both of these defendants that the child should not participate in any activity or game in which she might be caused to fall.

In playing the game of "jump the stick relay" the class of girls was divided into four lines. The first two children in line were called upon to take hold of either end of a round wooden stick of small diameter, holding it from 4 to 6 inches above the floor and from 12 to 18 inches in advance of the first child then remaining in line. At a given signal the children holding the stick advanced it toward the line and each child in line was supposed to jump the stick. The game was competitive, and the line which successfully completed jumping the stick first won. The infant plaintiff was third in the line which was called upon to demonstrate the game to the others. The two children at the head of the line were selected by the teacher to hold and advance the stick toward the remainder of the line, which was now headed by the infant plaintiff. As they did so the infant plaintiff fell and again fractured her right forearm. The teacher, the defendant Denton, was standing very close to the infant plaintiff at the time. The infant plaintiff testified that she did not jump — "They came at me so fast I didn't have time to jump".

The general theory of negligence urged by plaintiffs is that, having or being chargeable with knowledge of her physical condition due to the previous accidents, the principal and teacher should not have directed or permitted the infant plaintiff to participate in the game resulting in her fall because the consequences were reasonably foreseeable.

The defendant Board of Education, once having engaged competent teachers, is not responsible for their negligence. (*Miller* v. *Board of Educ.*, 291 N. Y. 25; *Govel* v. *Board of Educ.*, 267 App. Div. 621, affd. 293 N. Y. 928.) The plaintiffs concede this and do not claim liability under the doctrine of *respondeat superior.* Likewise, the plaintiffs do not question the education, experience or competency of the defendant Denton, the physical education teacher. It is urged that the board is liable for its own negligence in failing to adopt necessary rules for the governing of its gymnasium classes, its principals and teachers, and rules relating to the limitation of activity by children with physical defects. Subdivision 2 of section 1709 of the Education Law gives the board the power and imposes the duty, '' To establish such rules and regulations concerning the order and discipline of the schools, in the several departments thereof, as they may deem necessary to secure the best educational results.'' Our attention is also called to the following provision in subdivision 13 of the same section: '' To have in all respects the superintendence, management and control of said union free schools ''. We do not think that by this language the Legislature intended to impose upon the Board of Education a duty to make and assume the direct responsibility of enforcing rules which reach down into each of the numerous classrooms and classes of a complex school system and to provide in detail the type of activities and the qualification of individuals for participation therein. In a modern school system composed of several schools, each with many and varied classes, supervised in general by a superintendent and immediately supervised by many trained and competent teachers, such a requirement would be impractical and unrealistic. It would be entirely impossible for a board of education to adopt and enforce rules which would cover every detail of activity and every individual situation which might arise. When read in context, and particularly when read in the light of all of the provisions of section 1709, it seems clear that the Legislature, by the quoted language, intended to impose only general duties upon the board relating to the properties, policies, general courses of study, the employment of qualified and competent persons, and generally setting up and maintaining an educational system. We find nothing in this record to sustain a finding that the Board of Education was negligent in the performance of any duty imposed upon it by law, or a finding that any failure on its part to adopt or enforce rules was a proximate cause of the infant plaintiff's injuries. (*Hoose* v. *Drumm*, 281 N. Y.

54.) The judgment against the Board of Education should be reversed and the complaint dismissed as to it.

The defendant Leola Holcomb was the supervising principal of the elementary school where the accident happened. Her duties, too, were administrative, supervisory, and general in nature. She was responsible for the assignment of classrooms, for discipline in the school, and administrative supervision over the teachers in the school. It does not appear that she had any authority, let alone duty, to personally supervise or to direct the nature of activities or limit the participation of any pupil in a physical education class. The physical education department was a separate arm of the Board of Education, operating in all of the schools. Mrs. Denton, the physical education teacher in immediate charge here, was an agent of the physical education department. It is a matter of common knowledge that in modern times the educational and competency requirements of such a teacher are high. Of necessity the detailed activities of each class and of each student therein must be left to such supervising teacher. As observed in *Thompson* v. *Board of Educ.* (280 N. Y. 92, 96): '' Appellant (a principal) could not personally attend to each class at the same time, nor was any such duty imposed upon him ''. The fact that the defendant Holcomb knew of the infant plaintiff's previous injuries, or that the mother had requested her to relieve the child of some gymnasium activities, does not impose liability upon her under the circumstances here. It does not appear that the principal had the power or authority to direct the detailed conduct of a physical education class, or to substitute her judgment for that of Mrs. Denton as to the risks of a particular game to a particular pupil, and its does appear that Mrs. Denton, the teacher in immediate charge, had the same information and request directly from the mother. The evidence does not sustain a finding of negligence on the part of the defendant principal, and the judgment against her should be reversed and the complaint dismissed.

. The defendant Denton was the physical education teacher in immediate charge and supervision of the class and of the infant plaintiff at the time of the accident. She was under a duty to exercise reasonable care to prevent injuries and to assign pupils to such activities as were within their abilities, and to properly and adequately supervise the activities. The failure to do so constitutes actionable negligence on the part of the teacher. (*Govel* v. *Board of Educ., supra*; *LaValley* v. *Stanford*, 272 App. Div. 183.) The questions of her knowledge of the pre-existing physical condition of the infant plaintiff,

the foreseeability of the consequences, and the risks involved in the game being played, and the ultimate question of whether she exercised reasonable care, are questions of fact for determination by jury. However, the question of the negligence of the defendant Denton was submitted to the jury in conjunction with the questions of negligence of the other two defendants and the jury returned a verdict against all three. Such a consideration of the collective liability of all defendants could very well have confused the issue of negligence of the defendant Denton alone, which we have determined was the jury question. In view of the statutory liability imposed upon a board of education to indemnify teachers, by insurance or otherwise, on account of financial loss arising from any suit for negligence (Education Law, § 3023), there would seem to be little practical purpose in distinguishing the liabilities of the respective defendants. However, this record presents such questions, and the individual liability of each defendant must be determined without regard to any indemnification statute. The judgment against the defendant Denton should be reversed and a new trial ordered.

Foster, P. J., Bergan and Zeller, JJ., concur; Halpern, J., concurs in the opinion as to the defendants, Board of Education and Holcomb, and concurs in the result as to the defendant, Denton, upon the ground that the verdict finding her guilty of negligence is against the weight of evidence.

Judgment against the defendants Board of Education and Holcomb is reversed, on the law and facts, and the complaint dismissed as against such defendants, without costs.

Judgment against the defendant Denton is reversed, on the law and facts, and a new trial ordered, with costs to abide the event.