Louis B. Heller, J.
The infant plaintiff (hereinafter referred to as “ plaintiff ”) by his guardian ad litem, commenced an action against the Board of Education to recover for personal injuries alleged to have been sustained by him when he feH in the auditorium of P. S. 222, Brooklyn, while rehearsing for a school play. Plaintiff alleges as part of his cause of action, negligence and improper supervision on the part of the Board of Education.
*66 At the time of the accident, on May 19, 1952, plaintiff was six years of age. He testified that he was rehearsing for a play which he described as 11 cowboys and Indians ” and “ I was running around in circles and I fell down.” There is no evidence as to precisely what caused the plaintiff to fall and he denied that any other child had pushed him.
According to the examination before trial offered in evidence by the plaintiff, the teacher in charge of the class testified that plaintiff sustained personal injuries while doing ‘ ‘ rhythms, ’ ’ skipping or dancing to music with other members of his kindergarten class. The dancing described was not acrobatic, contortive or rock-and-roll, but rather such as has been the pastime of innocent childhood since time immemorial. Such activity can hardly be called, in the words of the bill of particulars, “ careless and unsafe games,” nor constitute inherently dangerous athletic exercises (Govel v. Board of Educ. of City of Albany, 267 App. Div. 621, affd. 293 N. Y. 928). Certainly, it was not nearly as inherently dangerous as playing with a rubber ball (Graff v. Board of Educ. of City of N. Y., 258 App. Div. 813, affd. 283 1ST. Y. 574). No claim is made that the stage was dangerous or defective in any way (Miller v. Board of Educ., 291 N. Y. 25).
Corns el for plaintiff argued with commendable earnestness that there was no adequate supervision since there was only one teacher in charge of plaintiff’s class, which numbered approximately between 25 and 30 children, and she was seated at the piano, which was not on the stage but on another platform a little below the stage, and was momentarily looking toward the piano keys.
The teacher testified that there was ample room on the stage, that the children had previously received instructions as to what to do and were conforming to instructions and were well behaved, that there had been no prior falls or untoward accidents to suggest any further vigilance was necessary. (Selleck v. Board of Educ., 276 App. Div. 263; Govel v. Board of Educ. of City of Albany, supra; Wilber v. City of Binghamton, 271 App. Div. 402, affd. 296 N. Y. 950.) Proper supervision depends largely on the circumstances attending the event. (Ohman v. Board of Educ. of City of N. Y., 300 N. Y. 306.)
One or more competent instructors have been held sufficient. (Graff v. Board of Educ. of City of N. Y., supra; Miller v. Board of Educ., supra.) The fact that the teacher was alone and some 20 feet from the children does not, under the facts in this case, constitute insufficient supervision. Nor does the *67 fact that she was momentarily looking at the piano keys constitute an abandonment of supervision (Ohman v. Board of Educ. of City of N. Y., supra) and was not causally related to the accident (Popkin v. Jewish Young Men’s & Women’s Assn., 282 App. Div. 824, affd. 306 N. Y. 704). The teacher cannot be expected to watch all movements of pupils. (Wilber v. City of Binghamton, supra.) Not even the most vigilant mother can be expected to watch every movement of a six-year old child. Nor does it appear how additional teachers would have revealed any dangers or prevented the accident. (Decker v. Dundee Cent. School Dist., 4 N Y 2d 462.) I agree with the opinion expressed by Coxway, C. J., (dissent in Ohman v. Board of Educ. of City of N. Y., supra, p. 311) “Parents do not send their children to school to be returned to them maimed because of the absence of proper supervision or the abandonment of supervision.” However, I cannot subscribe to the contention of plaintiff’s counsel that there was an absence or abandonment of proper supervision, nor can I find that the teacher who was in charge of the class, with 13 years’ experience was an incompetent or unsuitable person with whom to entrust the safety of the children.
I have carefully studied the cases cited in the brief of the attorney for the plaintiff and I find that they have no application to the instant case.
For these reasons, I am constrained to grant defendant’s motion to dismiss the complaint, on which decision had been reserved at the end of the case. Judgment for defendant. Formal findings of fact and conclusions of law were waived. The foregoing constitutes the decision of the court in accordance with section 440 of the Civil Practice Act. Ten days’ stay, 30 days to make a case.