BEVERLY GERMOND, by WILLIAM GERMOND, Her Guardian ad Litem, Respondent, *v.* BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1 et al., Appellants, et al., Defendant.

Third Department, March 18, 1960.

*Cribari, Scapolito & Solinger* (*George W. Scapolito* of counsel), for appellants.

*Flanagan & Ortale* (*Richard W. Griggs* of counsel), for respondent.

BERGAN, P. J. Plaintiff was a second grade pupil at the central school maintained by the defendant Board· of Education, when, on May 17, 1954, she was injured on the school playground. She was struck in the face by a baseball bat swung by an older girl pupil playing softball. Plaintiff was then seven years old.

The rules established by the Board of Education for the control of the playground required that the playing of softball be under supervision; and a further rule made under the board's authorization required that a written request for the use of a baseball bat or similar equipment be obtained before issuance and that a teacher be present when such equipment was used.

A pass was given by a study hall teacher to four girls of the seventh grade to "play soft ball out in the field". The girls found the equipment for the game near the exit door, apparently by prearrangement, and no written request for the use of it was given to the athletic department in accordance with the rules.

Plaintiff and her second grade classmates were under the supervision of defendant teacher Jorgensen (formerly Van Etten). The second grade class was playing under the supervision of their teacher in the field and the teacher testified she did not notice that older girls were playing softball. She noticed one of the older girls talking to her sister who was one of the second grade pupils. Plaintiff was injured when she ran into the line in which one of the older girls swung the bat.

The jury found a verdict against defendant Board of Education of $5,000, which the court set aside as inadequate and directed a new trial unless defendant consented to increase the same to $10,000. The jury found a verdict of no cause of action for the teacher Jorgensen. The court set aside this verdict as against the weight of evidence and ordered a new trial. Both defendants appeal.

The statutory duty of the Board of Education is to "establish" rules and regulations for the school deemed necessary "to secure" the "best" educational results (Education Law, § 1709, subd. 2). It has been held that, having made adequate rules, the board is not liable for the individual negligence of a competent teacher. (*Graff* v. *Board of Educ.*, 258 App. Div. 813.)

There seems, however, in the cases as they have developed to be some difference between the assumption of responsibility by a board for the individual negligence of a teacher and the

failure of the board reasonably to enforce its own regulations designed for safety. The mandate of the Legislature to " establish " rules means more than to write them in a book. Reasonable efforts must be made by the board to enforce salutary and adequate rules; and a liability may be incurred for a failure to enforce, as well as to make, a rule.

This responsibility would be quite similar to that which arises under the board's duty to repair and maintain structures considered in *Hoose* v. *Drumm* (281 N. Y. 54, 58) and *Miller* v. *Board of Educ.* (291 N. Y. 25). Thus in *Govel* v. *Board of Educ.* (267 App. Div. 621) it was noted that the board failed to enact " and enforce " rules which might have prevented plaintiff's injury (p. 625).

In playground or schoolyard injury cases, this failure to make or enforce rules is sometimes closely linked to the direct duty of the board to supervise such areas, a duty which has been judicially spelled out of subdivision 16 of section 1709, requiring the employment of " such persons as may be necessary " to supervise playgrounds and social centers.

In *Barth* v. *Central School Dist. No. 1* (278 App. Div. 585) where a pupil was killed by a school bus while waiting on school property, the district was held negligent both in failing to provide supervision for the pupil while he was waiting and in failing to promulgate " and enforce " rules for his safety (p. 586). In some essential respects the case before us is similar to *Selleck* v. *Board of Educ.* (276 App. Div. 263) for there the plaintiff was injured by the negligent action of an unsupervised fellow pupil. No rule had been made affecting the particular danger, but this court (per FOSTER, P. J.) was of opinion that there was a direct statutory duty on the board to supervise a playground on school property and that it could " also " be found that the supervision provided " was entirely inadequate " (p. 267).

In the same general direction in support of a theory of liability resting on a failure to supervise play activity on school property is *Decker* v. *Dundee Cent. School* (4 N Y 2d 462) which rested on the cumulative lack of supervision in the past under subdivision 16 of section 1709, which, if obeyed, might have called attention of school authorities to a dangerous practice of pupils.

Thus, both on the failure to enforce adequate rules in respect of the playing of games on the playground and upon the failure to provide adequate supervision a case prima facie has been made out against the defendant Board of Education sufficient to warrant denial of the motion to dismiss and justifying a verdict for plaintiff.

The verdict in favor of defendant school teacher Jorgensen ought to stand. Although this teacher had in charge the plaintiff and 27 other pupils of the second grade on the playground she testified, as it has been noted, that she did not see the older girls who had come on the playground playing softball. The mere presence of the older girls on the field would not necessarily alert a reasonably careful teacher of young children to danger; at least in these circumstances it was consistent with the evidence for the jury to find that the teacher was not negligent.

The order of the Trial Term should be modified on the law and the facts by reinstating the verdict in favor of defendant Jorgensen, without costs, and by directing the entry of judgment accordingly and otherwise affirmed, with costs to plaintiff-respondent to abide the event.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Order modified, on the law and the facts, by reinstating the verdict in favor of defendant Jorgensen, without costs, and by directing the entry of judgment accordingly, and otherwise affirmed, with costs to plaintiff-respondent to abide the event.