## DIANE WIRE, A MINOR, BY WILLIAM WIRE, HER GUARDIAN AD LITEM, v. PATRICIA WILLIAMS.

133 N. W. (2d) 840.

March 5, 1965—No. 39,475.

*Burkard & Martell,* for appellant.

*Mordaunt, Walstad, Cousineau & McGuire* and *Robert J. McGuire,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for personal injuries sustained May 8, 1961, by Diane Wire, a minor of the age of 8 years 11 months, claimed to have been caused by the negligence of defendant, Patricia Williams. The action was brought by Diane's father, William Wire, as her guardian ad litem. At the close of plaintiff's case, on defendant's motion the court directed a verdict in defendant's favor. This appeal is from an order denying plaintiff's subsequent motion for a new trial and from the judgment entered for defendant.

The sole issue presented is whether the evidence would have sustained a finding that Diane's injuries were the proximate result of defendant's negligence, or whether as a matter of law it established that they were due to an unavoidable accident.

On May 8, 1961, Diane was a second-grade pupil at the Wood Lake Elementary School in Richfield. At that time defendant was engaged as a second-grade teacher in this school, one of her duties being to supervise a second-grade class in physical education in which Diane was enrolled. At about 2:30 p. m. on that date, Diane was engaged in rope jumping under defendant's supervision as part of the regular curriculum of this class. The rope used was some 6 feet in length and equipped with a wooden handle at each of its ends. Each pupil engaged in this activity at the time was permitted to continue jumping until either the rope was stepped upon by the jumper or was stopped as the result of striking the jumper's foot. At the time Diane was jumping, one handle of the rope was being held by defendant while the other handle was being held by a classmate of Diane. The accident occurred when Diane's feet came down upon the rope as it was being rotated so that in consequence the wooden handle held by defendant was pulled from her grasp and flew toward Diane, striking one of her upper front teeth and causing the injuries involved herein.

When plaintiff rested after submitting the evidence above described, defendant moved for a directed verdict on the ground that the evidence failed to establish any negligence on her part. In opposition to such motion, plaintiff's counsel then stated:

"* * * a child is going to come down on the rope with a force of

the body pushing the rope down to the ground; * * * this is going to cause a strain on the rope which would permit the handle to be pulled from the person holding the rope; * * * this will cause the handle to go towards the person jumping; * * * this is a wooden handle, the size of which has been testified to. I think the Court could take judicial notice that an object of this size can cause injury. * * * the plaintiff was jumping facing the teacher holding the rope. * * * this is all foreseeable. * * * it can be prevented by using a rope that does not have wooden handles. * * * with a longer rope such an injury would not have happened."

In granting defendant's motion, the court stated:

"* * * Well, Members of the Jury, * * * the plaintiff having now rested his case with respect to all elements of liability, I don't feel that there is any actionable negligence; I think this was an unavoidable accident, and I have granted the defendant's motion at the end of plaintiff's testimony on liability to direct a verdict."

In a memorandum accompanying its order denying plaintiff's subsequent motion for a new trial, the court stated:

"* * * Counsel for both plaintiff and defendant informed the Court that they have searched the authorities diligently and could find no other authority except two cases arising in New York, the first entitled Govel v. Board of Education of City of Albany, 48 N. Y. S. 2d 299, and the second, Luce v. Board of Education of Village of Johnson City, 157 N. Y. S. 2d 123.

"In Govel the evidence was that a physical education instructor assigned the student, who was not exceptionally skilled, to perform an acrobatic feat beyond his prowess and which was not recommended in regent's syllabus, and also with [the] knowledge that several boys had been injured while performing such feat, and who improperly placed mats, and it held that the instructor's liability was a question for the jury, * * * the student was required to jump from a springboard over five foot parallel bars, twenty inches wide, * * * and turn a somersault and try to light on his feet. One of his feet caught and he fell to the bare floor where mats had not been laid by the instructor.

"The Luce case also involves an unusual type of play termed 'jump the stick relay.' * * * The game was competitive, and the line which successfully completed jumping the stick first won. * * * plaintiff was third in the line which was called upon to demonstrate the game to the others. The two children at the head of the line were selected by the teacher to hold and advance the stick toward the remainder of the line. The plaintiff child stated they came at her so fast she didn't have time to jump, with the result that she fell and fractured her right forearm.

* * * * *

"Jumping rope cannot be considered in the same category as the games aforesaid * * *. The participation of the teacher in simple games with students is a wholesome activity and should be encouraged. The imposition of strict liability whenever a teacher participates in even a simple activity with the students will throw up a barrier of fear on the part of teachers and can only make them reluctant to participate and to avoid contact with the pupils as much as possible."

Plaintiff urges that the procedure which permitted a pupil to jump rope until the right to do so was forfeited by stepping on the rope or having it strike the pupil's feet was such that defendant could reasonably have foreseen that an accident of the kind described above might happen; and that in the exercise of reasonable care defendant could have prevented it by furnishing a longer rope; by furnishing a rope without the wooden handles; or by directing that a pupil's right to jump should continue only for a definite time and not until forfeited as above described.

1. An essential element of negligence is knowledge, actual or imputed, by one charged therewith that his acts or omissions claimed to constitute negligence would be dangerous to another. Manteuffel v. Theo. Hamm Brg. Co. 238 Minn. 140, 56 N. W. (2d) 310. The duty which devolves upon him is dependent upon his reason to apprehend the results which might follow his conduct, and where his conduct is such that ordinarily no injuries would reasonably be anticipated therefrom it is not negligent. Thompson v. Peterson, 235 Minn. 142, 50 N. W. (2d) 53; Rue v. Wendland, 226 Minn. 449, 33 N. W.

(2d) 593. On this issue it has been held that in considering whether equipment furnished for a specific purpose is safe, the circumstances under which it is to be used are one of the factors determining this question. Manteuffel v. Theo. Hamm Brg. Co. *supra*. While ordinarily reasonable care may require a higher degree of care toward children than toward adults, where there is no negligence the incapacities of a child who happens to be injured do not of themselves create a liability. Thus, in Pepperling v. Emporium Merc. Co. Inc. 199 Minn. 328, 330, 271 N. W. 584, 585, we stated:

"We are in accord with the plaintiffs' views that the defendant owed this child ordinary care as an implied invitee in its store and that such ordinary care should take into consideration the normal propensities of children of the plaintiff's age * * *; but on this record we can see no reasonable ground for the defendant to anticipate that the display of these cedar chests * * * would or might result in injury to anybody."

2. Based upon the principles above expressed, we cannot escape the conclusion here that the evidence outlined failed to establish any actionable negligence on the part of defendant. The jumping rope used at the time of Diane's injury was the same as that ordinarily used by children for many years, and we feel as did the trial court that as a matter of law defendant could not have reasonably anticipated that because the rope was no longer than 6 feet, or because it was equipped with wooden handles, or because Diane in the course of jumping over it might step upon it or otherwise stop its progress, there was a danger that the wooden handle would be jerked out of defendant's hand and travel through the air so as to strike and injure Diane.

Affirmed.

ROGOSHESKE, JUSTICE (dissenting).

Although I believe that it is unlikely that a jury would find the teacher negligent under the circumstances, I cannot agree that it would be unreasonable to infer from the undisputed facts that the jumping rope was too short for the purpose and the manner in which it was used. Such an inference could support a finding that the teacher was negligent in failing to anticipate possible injury from the handle being jerked from

her grasp and in failing to guard against it by releasing the slack on the rope as soon as the student missed.

The particular circumstances, the apparent risk, and the teacher's opportunity to deal with it present a case where it would seem preferable to have a jury rather than the court determine the standard of care required under the circumstances.