## WILLIAM J. PALM v. CITY OF MINNEAPOLIS AND ANOTHER. MINNEAPOLIS STEEL & MACHINERY COMPANY, APPELLANT.[1]

June 6, 1919.

No. 21,242.

**Case followed.**

Action in the municipal court of Minneapolis to recover $825 for injuries received in tripping over a wire strung and maintained by defendant about one foot above the ground between the grass plot and the sidewalk. The separate answer of Minneapolis Steel & Machinery Company alleged among other matters, that the fall of plaintiff was caused by his unlawful act in attempting to trespass upon the premises of defendant by traveling across the new seeding on defendant's boulevard. The case was tried before Charles L. Smith, J., who when plaintiff rested and at the close of the testimony denied motions of the city of Minneapolis for a directed verdict and at the close of the testimony denied a motion of the machinery company for a directed verdict, and a jury which returned a verdict for $525 against the defendant company. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, the Minneapolis Steel & Machinery Company appealed. Affirmed.

*Lewis Severance,* for appellant.

*Jesse Van Valkenburg,* for respondent.

PER CURIAM.

This case on the merits comes within the rule stated and applied in McDonald v. City of St. Paul, 82 Minn. 308, 84 N. W. 1022. The evidence supports the verdict, and the record discloses no reversible error. The answer does not present the question whether the rights of the parties are controlled by the Workmen's Compensation Act, and the evidence fails to bring them within its provisions. Plaintiff is a retired clergyman, and at the time of his injury was engaged at the instance of the Y. M. C. A. of Minneapolis in distributing advertising matter about the city, but whether under employ-

[1]Reported in 172 N. W. 692.

ment for compensation the record does not show. The workmen's statute therefore has no application.

Order affirmed.