ISABELLE B. BRAGG v. THE DAYTON COMPANY.[1]

May 29, 1942.

No. 32,957.

[1]Reported in 4 N. W. (2d) 320.

492

*Donald O. Wright,* for appellant.
*Maugridge S. Robb,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff's negligence action resulted in a verdict for her. On defendant's motion, the court ordered judgment in its favor notwithstanding the verdict. Plaintiff appeals from the judgment.

On the morning of December 3, 1938, plaintiff was among the first of a large number of customers who entered defendant's department store in Minneapolis. While she was hurrying down one of the aisles in the basement part of the store, she came in contact with a "sevenpenny box nail" imbedded, as she claims, in an opening between the ends of where the floor boards joined. The nail entered her right foot, causing the harm complained of. The nail was received in evidence and has been examined. It is still new and bright, about two inches long, with rather a large, thin head about 3/16 of an inch in diameter, the edges of which

are sharp. How it came to be on the floor is not disclosed. It might have been dropped and stepped on by a customer or by someone else visiting the store. Its thin-edged head could easily become imbedded in any wooden floor where the boards meet or join, and it is probable that, having become so imbedded, the shaft and point would be tipped upward. Plaintiff does not claim that the presence of the nail upon the floor constituted negligence. As a matter of fact, defendant did not sell or handle nails in any of its basement departments. She relies upon a depression in the floor which she describes as being about a quarter of an inch in depth and at a point where the ends of the floor boards joined. She says the depressed area was about two inches wide by four inches in length. It may have been only an inch in width. The presence of this defect in the floor is denied by defendant's witnesses. Affirmative and uncontradicted evidence shows that the aisle was swept and cleaned after the close of business on December 2 and had been inspected that morning before the store opened. Defendant maintained in its basement two employes whose sole duty it was to pass up and down the aisles to pick up articles dropped by customers or others who might be in the store. There is no evidence as to where the nail came from, how long it had been there, or what its position was on or in the floor. This, in substance, is plaintiff's case.

Plaintiff's claim is that there was a violation of duty owed by defendant to her and other customers in permitting such a depression to remain in the floor, since it might afford the means of lodgment therein for such articles as nails, so that when a person's foot came in contact with a nail or some other object so imbedded the object would not move along the floor but would remain fixed, presenting a hazard to anyone stepping on the depression. Reasonable foresight on defendant's part, plaintiff claims, would make this a jury question. That is the only issue to be determined here. The trial judge thought "that there is no tangible or reasonably dependable evidence of negligence on the part of de-

fendant," and that therefore the verdict "rests on no better foundation than mere speculation and conjecture."

1. Negligence is not proved by an isolated occurrence. Rather, "it must be predicated on what should have been anticipated, and not merely on what happened." Dunham v. Hubert W. White, Inc. 203 Minn. 82, 86, 279 N. W. 839, 841.

2. This is but another way of saying what Mr. Justice Mitchell said in Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641:

"If a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all."

This rule, so lucidly stated, has been cited, followed, and applied in numerous cases, one of the latest being Pepperling v. Emporium Merc. Co. Inc. 199 Minn. 328, 271 N. W. 584.

3. The care and foresight of the ordinarily prudent person cannot be said to have been violated by defendant. The foresight here required, as advocated by plaintiff, goes beyond any case cited and relied upon by her, Hastings v. F. W. Woolworth Co. Inc. 189 Minn. 523, 524, 250 N. W. 362, among them. After all, defendant was and is not required to be an insurer of the safety of its premises. Its liability is only that of keeping and maintaining its premises "in reasonably safe condition" for its customers' use.

4. Applying the stated rules to the facts here appearing, we can come to no other conclusion than that reached by the trial court.

Judgment affirmed.