ORA ACKERMAN v. MOTOR SALES & SERVICE COMPANY.[1]

May 5, 1944.

No. 33,655.

[1]Reported in 14 N. W. (2d) 345.

F. J. O'Brien and John Ott, for appellant.
Maugridge S. Robb and James T. Spillane, for respondent.

LORING, CHIEF JUSTICE.

This is an appeal by the plaintiff from an order denying his motion for a new trial after the trial court had directed a verdict against him. The action was for damages for personal injuries suffered as a consequence of a fall in defendant's bowling establishment on December 30, 1941.

The charge of negligence was based on an allegation that defendant had permitted a liquid substance to be on that part of the approach to the alley upon which plaintiff approached his run preliminary to throwing his ball. Plaintiff was right-handed, so he wore a rubber-soled shoe on his right foot and a leather-soled shoe on his left foot. In throwing the ball he would run about three steps and slide on his left foot to give momentum to the ball. The place where he would slide was waxed or varnished and very slippery, thus facilitating the slide. From the record it is evident that water or a sticky liquid would be likely, if stepped into, so to impede the slide as to throw the bowler off balance. That is what happened to plaintiff. He evidently stepped into the watery or sticky substance as he was taking his run, with the result that when he undertook to slide his shoe stuck and he was thrown off balance and fell.

The injury to plaintiff occurred about 8:45 p. m. It was shown by the evidence that during the previous afternoon some high school youths had told Vasicek, the man in charge of the alleys, that something had been spilled "back of the alleys," but that he inter-

preted this as back of the settees, and had inspected that situation and found no liquid. He testified that on the same inspection he also looked in front of the settees and saw no liquid; that he looked all over and saw nothing; that the first he knew of liquid at the place complained of was when plaintiff showed it to him after plaintiff was hurt; that the alleys were all swept out at 6:00 p. m. and that the sweeping would have disclosed the liquid.

■ It is the general rule that the owner of a place of amusement is not an insurer of the safety of patrons, but owes to them only what under the particular circumstances is ordinary or reasonable care. Reiher v. Mandernack, 234 Wis. 568, 571, 291 N. W. 758, 759. In that case, which involved the liability of the proprietor of a bowling alley, the court said:

"* * * To be liable the defendant must have had actual or constructive notice of the presence of the water on the runway. * * * Constructive notice is chargeable only where the condition has existed for an 'appreciable length of time.' "

Cases in regard to stores which are in point are Penny v. Sears Roebuck & Co. 193 Minn. 65, 258 N. W. 522; Pangolas v. Calvet, 210 Minn. 249, 297 N. W. 741; Bragg v. The Dayton Co. 212 Minn. 491, 4 N. W. (2d) 320; Filipowicz v. S. S. Kresge Co. 281 Mich. 90, 274 N. W. 721; McGillivray v. Eramian, 309 Mass. 430, 35 N. E. (2d) 209, 141 A. L. R. 1313.

Therefore, plaintiff's case depends on whether defendant was negligent in allowing the water or sticky substance to be where it was. This depends on whether defendant's employe in charge of the alleys was aware or ought to have been aware of the presence of the liquid at the time he permitted plaintiff and his companions to use this particular alley.

In the case at bar there is an utter lack of evidence either that the moisture had been on the floor at the point in question long enough to charge defendant with constructive notice, or that defendant's employe in charge of the alleys had actual notice of it.

■ Vasicek was called as a witness by plaintiff. On a claim of surprise, he was asked as to some previous statements asserted

to be inconsistent with his testimony. These statements, if inconsistent, were not of themselves affirmative proof. State v. Saporen, 205 Minn. 358, 285 N. W. 898. Of course, if the witness reasserted the truth of the inconsistent statements, then they would ·be substantive proof, but we do not find that Vasicek admitted the truth of anything in substantial contradiction of his testimony at the trial.

The trial court was right in directing a verdict for the defendant.

Affirmed.

