## MARY O. CALLAHAN v. CITY OF VIRGINIA AND ANOTHER.[1]

January 13, 1950.

No. 34,904.

[1]Reported in 40 N. W. (2d) 841.

*George F. Shea,* for appellant.

*Stone, Manthey & Carey,* for respondent First National Bank of Virginia.

*J. W. Huhtala,* for respondent City of Virginia.

THOMAS GALLAGHER, JUSTICE.

Plaintiff recovered a verdict for $2,500 against defendants in an action based upon defendants' alleged negligence in failing to provide an adequate guardrail at the entry to a stairway leading from the sidewalk to the basement of a building owned by defendant First National Bank of Virginia in defendant city of Virginia.

This is an appeal from a subsequent order granting defendants judgment notwithstanding the verdict. The questions for determination are (1) whether there was sufficient evidence of negligence to support the jury's verdict, and (2) whether plaintiff was guilty of contributory negligence as a matter of law.

The bank building is at the southwest corner of Chestnut street and South Third avenue. On Third avenue, partially within the limits of the city sidewalk, a stairway permits entrance to the base-

ment leased by the bank to a commercial tenant. A fence or railing of iron pipe guards the stairway on all sides, except for a small opening about four feet wide near the north end thereof adjoining the sidewalk to allow passage to and from the stairs. The sidewalk extends within and partially across the open area above the first step.

The accident happened October 23, 1947, at 1:45 p.m. Plaintiff, Mary O. Callahan, then 58 years of age, after walking a short distance along Chestnut street, turned the corner onto Third avenue at the described intersection and stopped for a moment in front of the entryway described with her back thereto preparatory to crossing Third avenue. She was accompanied by two friends at the time. She had passed the bank at other times and was familiar with the stairway and its surrounding railing, but was under the impression that the entry thereto was at the opposite or south end thereof. She testified that a strong wind was then blowing, and that as she stood in front of and facing away from the entryway to the stairway, talking to her friends, a strong gust of wind came; that she stepped back and as a result fell in the sidewalk entryway to the stairway and down a step, sustaining the injuries for which this action was instituted.

In a memorandum attached to the order setting aside the jury's verdict, the trial court stated:

"The only claim of negligence is that the defendants failed to guard the opening to the stairway leading from the sidewalk down to the basement. There is no claim that the basement stairs were defective or that the sidewalk was defective or that the railing was in any way defective. Unless there are some peculiar circumstances it is not ordinarily negligence to maintain an open stairway entrance without guarding it, where the place is well lighted. 45 Corpus Juris, 866. Also, at page 870, under title, 'Street Entrance to Basement Stairway,' it is held that failure to guard the street entrance to the top of the stairway is not negligence. Also, see 38 Amer. Juris., Sec. 136, page 797; also, Speck v. Northern Pacific Ry. Co., 108 Minn. 435 [122 N. W. 497, 24 L. R. A. (N. S.) 249, 17 Ann.

Cas. 460] ; Johnson v. Ramberg, 49 Minn. 341 [51 N. W. 1043] ; Dehn v. Buck, 165 Minn. 310 [206 N. W. 435].

"I think the evidence fails to show any negligence on behalf of the defendants, and I think the evidence fails to show that the failure to put some kind of a gate or guard above the opening was not the proximate cause of the accident."

■ It is uniformly held that both a municipality maintaining public walks and the owner of property adjoining the same are liable for injuries sustained by reason of defective entryways, coalholes, or other like facilities placed therein for the convenience of the building owner, where such defects are due to the latter's negligence. The owner is liable because of his creation of the dangerous condition, and the municipality, because of its neglect to exercise due care in keeping the public walks in a reasonably safe condition. The obligation rests upon both of them to keep such public ways free from obstructions, nuisances, or unreasonable encroachments which in whole or in part may destroy their use as public thoroughfares. See, Heidemann v. City of Sleepy Eye, 195 Minn. 611, 264 N. W. 212; McCarthy v. City of St. Paul, 201 Minn. 276, 276 N. W. 1.

■ The applicable test for determining negligence in such cases is whether defendants exercised reasonable care in the creation or maintenance of the facility involved, having in mind the risks which might reasonably be anticipated with respect thereto. Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640; Pepperling v. Emporium Merc. Co. Inc. 199 Minn. 328, 271 N. W. 584; Dunham v. Hubert W. White, Inc. 203 Minn. 82, 279 N. W. 839; Bragg v. The Dayton Co. 212 Minn. 491, 4 N. W. (2d) 320.

As stated by Mr. Justice Mitchell in the Christianson case (67 Minn. 97, 69 N. W. 641) :

"* * * If a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent * * *."

■ It is plaintiff's contention in the instant case that it was negligence on the part of defendants not to place a guard, a rail,

or a gate in front of the entryway through which she fell. She cites in support of her theory Landru v. Lund, 38 Minn. 538, 38 N. W. 699; City of Wabasha v. Southworth, 54 Minn. 79, 55 N. W. 818; Ray v. Jones & Adams Co. 92 Minn. 101, 99 N. W. 782; Latell v. Cunningham, 122 Minn. 144, 142 N. W. 141; Palm v. City of Minneapolis, 143 Minn. 477, 172 N. W. 958; Williams v. John A. Stees Co. Inc. 172 Minn. 35, 214 N. W. 671; Shepstedt v. Hayes, 221 Minn. 74, 21 N. W. (2d) 199.

In the cases cited, however, evidence was submitted from which it could be reasonably found that the facility involved, either as originally created or as it then existed, because of lack of reasonable care on the part of the owner and because of the defective or unguarded condition of the facility had become a source of risk or danger which might reasonably have been anticipated.

In the instant case, there is no claim that the stairway, the entry thereto, or the railing surrounding it had become defective. We feel that reasonable care did not require defendants to anticipate that a pedestrian using the sidewalk adjoining the entryway would be forced backwards into it by a strong wind, as plaintiff testified happened in the case at bar. The entryway was safeguarded against accidents which might reasonably be foreseen. We cannot hold that the owner of every building who provides a sidewalk stairway for entry to the basement thereof, in order to escape a charge of negligence, should be required to enclose and completely surround such stairway with a guardrail and a gateway in anticipation of the possibility that pedestrians using the adjoining sidewalk might be blown into the entryway of the stairway by strong winds.

As stated in Friedman v. Welwood, 185 App. Div. 268, 270, 172 N. Y. S. 842, 843:

"Entrances to buildings by means of stairways leading directly from the street are very common in New York city, in many instances within the stoop line; and entrances to subway stations are largely within the sidewalk lines. Such entrances are essential for the transaction of business, the convenient access to dwellings,

and the transportation of the population within the confines of the municipality. It would not be practicable to guard such entrances with railings or gates; therefore, it has been the customary practice to have them open and unguarded. A person who uses the city streets must of necessity be subjected to dangers that would not be present on a country highway."

In the case at bar, South Third avenue in the city of Virginia extends in a north-south direction. People turning the bank corner are protected from falling into the stairway by the rail on the north side thereof. The east and south sides are likewise guarded, except for the small opening provided for entry. The only way a person not intending to use the entry might fall therein would be either by being pushed through it or forced into it by strong winds, as alleged in the instant case. We feel that reasonable care did not require the owner of this property to anticipate such occurrences. We feel that the precautions taken by the owner indicate that it had exercised reasonable care in the erection of the facility and in its maintenance of the stairway, and that the trial court was correct in granting defendants judgment notwithstanding the verdict.

Affirmed.