HULDA M. LOEWE AND ANOTHER v.
CITY OF LE SUEUR AND ANOTHER.

151 N. W. (2d) 777.

June 16, 1967—Nos. 40,176, 40,177, 40,178, 40,179.

*Carroll, Cronan, Roth & Austin* and *Thomas A. Foster,* for appellant city.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *Mary Jeanne Coyne,* for appellant Green Giant Company.

*Arthur E. Anderson* and *George T. Havel,* for respondents.

MURPHY, JUSTICE.

Appeals from judgments of the district court in favor of plaintiffs, Hulda M. Loewe and Friederich G. Loewe, her husband, against defendants, City of Le Sueur and Green Giant Company, the owner of property abutting a walkway on which plaintiff Hulda Loewe allegedly sustained injuries resulting from a fall caused by the negligent maintenance of the walkway.

It appears from the record that the Loewes were grower-suppliers of the Green Giant Company of Le Sueur and, as such, it was their practice to purchase canned vegetables directly from the company plant at reduced prices. On August 23, 1963, they drove to the company plant and parked their car at the curb on Commerce Street, which extends in a general north-south direction along the Green Giant property. The Green Giant property at this place consists of two structures separated by a driveway, approximately 50 to 55 feet in width, which enters into a courtlike area used by trucks and other equipment which serves the operation of the two buildings. The office is located in the

building on the north side of the area, and the warehouse is located in the building on the south side. It appears that a part of Commerce Street east of the Green Giant property line had been vacated by the city. At the time of the alleged accident, a concrete walkway extended south from the southeast corner of the office building across the driveway.

At this point it may be noted that defendant city alleges that this was not in fact a walk or sidewalk but a part of a driveway used exclusively by the Green Giant Company. They point to the fact that directly in the path of the sidewalk, if extended in a southerly direction, the Green Giant Company has maintained a gas pump to service its vehicles. The record does not show the conditions or circumstances under which the Green Giant Company was permitted to use the sidewalk area on which to locate its gas pump. It should also be noted that at the east edge of the vacated area of Commerce Street there are two posts used to support a conveyor system which brings raw produce to the area from a location on the opposite side of the street. There is nothing in the record which indicates a permit or license to construct the improvement at this point or other act of the city which might relieve it of its obligation to exercise reasonable care to keep the walk in a safe condition.

It appears from the record that after Mrs. Loewe had arranged for her purchase at the office she was given a receipt to take to the warehouse where the canned goods would be delivered to her. It was necessary for her to proceed along the concrete walkway across the driveway which leads from the street to the plant area. Because it had rained in the morning, the driveway area was wet and muddy. She apparently did not see a depression or hole in the pavement, stepped into it, and fell on her hip, sustaining severe injuries. From the evidence the jury could find that plaintiff actually tripped or slipped as a result of a depression about three-quarters of an inch deep, having an area of a foot and a half by a foot and a half.

The jury could find from the evidence that the Green Giant Company makes exclusive use of the driveway at this point. Prior to 1957, the driveway was used to facilitate the transportation of corn into

the warehouse area. In that year a conveyor system was installed which is suspended over the driveway and supported by posts, two of which are planted in the eastern area of the driveway 27 feet apart. Although the conveyor belt relieves the driveway of corn-truck traffic, machinery and maintenance equipment are still carried into the plant over the driveway. Indeed, Mrs. Loewe described "a number of vehicles that were moving about in there" on the day of her fall. The jury could find that the concrete surface had deteriorated and that dirt, leaves, corn silks, and other debris, sifting through the conveyor belt and falling from vehicles using the driveway, accumulated in a concealed water-filled hole. The hole was in the walkway area, and, as we have indicated, nothing occurred to relieve the city of its primary obligation to maintain the walkway in a reasonably safe condition. Moreover, the record is replete with evidence to the effect that the Green Giant Company practically had exclusive use of the walkway and driveway at this point. The Green Giant Company maintained the area, altered and repaired the surface, and encroached upon the walkway by the establishment of its conveyor supports, loading dock, and gasoline pump.

While there are various arguments set forth in defendants' briefs with reference to contributory negligence, assumption of risk, and erroneous instructions, the real thrust of these appeals, and the only point which merits consideration, is the conflicting claims of each defendant that the other is liable for whatever damages may have been sustained by plaintiff. The Green Giant Company contends that the abutting landowner may not be held liable for a defect in a driveway crossing a public sidewalk under the circumstances as disclosed by the record, and the city of Le Sueur contends that as a matter of law the place where plaintiff fell was not a sidewalk and that under authority of Graalum v. Radisson Ramp, Inc. 245 Minn. 54, 71 N. W. (2d) 904, the Green Giant Company is solely liable because the accident occurred from an extraordinary use by it of the "sidewalk" adjacent to its premises.

This case presents no new or novel issue which has not been fully discussed and considered by prior decisions of this court. While a municipality is not an insurer, it is bound to keep its streets and sidewalks reasonably safe for travel in the usual manner and cannot delegate that

duty to another. Ordinarily, the primary duty to keep a public sidewalk in a reasonably safe condition is upon a municipality and not upon abutting owners of property. 13A Dunnell, Dig. (3 ed.) § 6832. It is also well established that the abutting owner "who for his convenience or otherwise changes conditions in the street or sidewalk may make himself liable to persons injured if his negligence caused such changes to become dangerous." Williams v. John A. Stees Co. Inc. 172 Minn. 35, 39, 214 N. W. 671, 672. It seems to us that the controlling principle of law which applies to this case was stated in Callahan v. City of Virginia, 230 Minn. 55, 58, 40 N. W. (2d) 841, 842, where we said:

"It is uniformly held that both a municipality maintaining public walks and the owner of property adjoining the same are liable for injuries sustained by reason of defective entryways, coalholes, or other like facilities placed therein for the convenience of the building owner, where such defects are due to the latter's negligence. The owner is liable because of his creation of the dangerous condition, and the municipality, because of its neglect to exercise due care in keeping the public walks in a reasonably safe condition. The obligation rests upon both of them to keep such public ways free from obstructions, nuisances, or unreasonable encroachments which in whole or in part may destroy their use as public thoroughfares."

There was ample evidence from which the jury could find that the city had constructive notice for a considerable period of time as to the deteriorated condition of the sidewalk area. They could also find from the evidence that the manner in which the Green Giant Company utilized the sidewalk area for its own purposes produced, or contributed to, the hazardous or defective condition which was found to be the cause of plaintiff's injuries. Brown v. Gustafson, 264 Minn. 126, 117 N. W. (2d) 763.

Affirmed.