Julie KOEN, et al., Appellants (CX–92–688), Respondents (C8–92–804),

Roy Maki, on behalf of the Estate of David Maki, Appellant (C8–92–1063),

v.

Kelly John TSCHIDA, et al., Respondents (CX–92–688, C8–92–1063), Appellants (C8–92–804).

Jeanette Worgren, et al., Respondents (CX–92–688), Appellants (C8–92–804),

County of Carlton, Respondent.

Nos. CX–92–688, C8–92–804 and C8–92–1063.

Court of Appeals of Minnesota.

Dec. 1, 1992.

Review Denied Jan. 28, 1993.

Carol M. Person, Clure, Eaton, Butler, Michelson, Ferguson & Person, P.A., Duluth, for Julie Koen.

Robert M. Kaner, Duluth, for Roy Maki, on behalf of the Estate of David Maki.

Katherine L. MacKinnon, Blake W. Duerre, Arthur, Chapman, McDonough, Kettering, Smetak, P.A., Minneapolis, for Kelly John Tschida, et al.

Patrick M. Flynn, David C. Higgs, Arden Hills, for Jeanette Worgren, et al.

Stephen G. Andersen, Johnson & Lindberg, P.A., Minneapolis, for County of Carlton.

Considered and decided by KLAPHAKE, P.J., and RANDALL and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appellants allege the district court erred in granting respondent Carlton County summary judgment on the grounds that the county was immune from liability under Minn.Stat. § 466.03, subd. 4 (1990).

## FACTS

This case arises out of an automobile accident. On December 9, 1989, at approximately 1:15 p.m., Kelly John Tschida was driving west on Big Lake Road in Carlton County (the county) in a car belonging to Todd Morrow with Daniel Maki as a passenger. Tschida briefly lost control of his car on a patch of ice near an intersection known to local residents as Connor's Corner. He regained control only to lose it again a short distance past Connor's Corner. He slid across the center line and crashed head-on with a car driven by Julie Koen. Koen's vehicle was then hit from behind by a pickup truck driven by Jeanette Worgren. Maki was killed in the accident and Koen was critically injured.

The parties brought various claims and cross-claims against one another. At issue in this case is the parties' action against the county which alleged that the county was negligent in: (1) failing to cut down or trim pine trees adjacent to the highway which caused ice to form more readily on this stretch of Big Lake Road; (2) failing to properly salt, sand, and maintain the highway; (3) failing to warn motorists that this particular road had a tendency to be more icy and slippery; and (4) posting a speed limit which was too high.

The county moved for summary judgment dismissing the action arguing that under Minn.Stat. § 466.03, subd. 4 it was entitled to tort immunity for

> [a]ny claim based on snow or ice conditions on any highway or public sidewalk that does not abut a publicly-owned building or publicly-owned parking lot, except when the condition is affirmatively caused by the negligent acts of the municipality.

The district court granted summary judgment. Appellants argue the trial court erred because: (1) their claims are not "based on snow or ice conditions"; and (2) the county affirmatively caused the icy condition in question.

## ISSUES

1. Are appellants' claims based on snow or ice conditions under Minn.Stat. § 466.03, subd. 4?

2. If the claims are based on snow or ice conditions, did the county affirmatively cause the condition thus removing the grant of immunity?

## ANALYSIS

When reviewing an appeal from a grant of summary judgment, this court must determine if any genuine issues of material fact exist and if the trial court erred in applying the law. *Berg v. City of St. Paul*, 414 N.W.2d 204, 206 (Minn.App.1987) (citing *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979)). In addition, "[t]he facts are viewed in the light most favorable to the nonmoving party." *Id.*

The record prior to the summary judgment ruling included numerous facts introduced by the joint appellants via deposition transcripts and affidavits. The county did not present evidence to refute the facts in the record and the district court's findings of fact were consistent with the evidence presented by appellants.

The county's summary judgment motion rested entirely on the argument that it was immune from liability as a matter of law under Minn.Stat. § 466.03, subd. 4. Therefore, our sole inquiry is whether the district court properly applied the law in concluding appellants' claims were based on snow or ice conditions, which the county did not affirmatively cause.

## I.

Appellants concede their claim that the county failed to salt, sand or maintain the highway is precluded by the statute. However they argue their remaining allegations

avoid application of immunity by alleging several specific acts of negligence on the part of the county.

Appellant introduced evidence that citizen complaints and past accidents put the county on notice that the road where the accident occurred ices up before other parts of the road because it is shaded by pine trees. They contend the county was negligent in not removing or trimming the pine trees, posting warning signs or reducing the speed limit.

Although appellants attempt to focus on other alleged causes of the accident, we conclude that all their claims are based on the fact the highway was icy and therefore, under the statute the county is entitled to immunity. We agree with the New Jersey court which concluded in interpreting a similar weather immunity statute: "when weather is the true culprit, the government is immune." *Horan v. State of New Jersey*, 212 N.J.Super. 132, 514 A.2d 78, 81 (Ct.App.Div.1986).

Here, the trial court specifically found that "the slipperiness of the roadway was one of the factors contributing to the collision." While other alleged negligent acts may have contributed to the accident, Minn.Stat. § 466.03, subd. 4 does not condition immunity on the snow or ice condition being the *sole* basis for the claim.

To remove the immunity granted by the statute merely because a party alleges causal factors other than the weather in its claim would render the statute ineffective. *See Horan*, 514 A.2d at 79 (accepting arguments that a failure to warn removes the statutory immunity would effectively write the statute out of the books). We conclude that under the facts of this case appellants' claims are based on ice and snow within the meaning of Minn.Stat. § 466.03, subd. 4.

## II.

Appellants further argue that even if Minn.Stat. § 466.03, subd. 4 applies, the exception within the statute precludes the county's claim for immunity. Under the plain language of the statute, the county loses its immunity if the snow or ice condi-

tion is "affirmatively caused by [its] negligent act."

Unlike the situation in *Robinson v. Hollatz*, 374 N.W.2d 300 (Minn.App.1985), where this court denied immunity to Dakota County for causing an artificial accumulation of snow by piling snow in the center median, the icy condition in this case was caused by intermittent sleet and freezing rain and not by the county. Although appellants argue the county's failure to trim the pine trees caused the road to be icy, the statute "requires the condition to have been caused by an act, not an omission, of the county." *In re Jones*, 419 N.W.2d 839, 841 (Minn.App.1988). We conclude that Carlton County did not affirmatively cause the icy conditions by its negligent acts.

## DECISION

The trial court correctly determined that Carlton County is entitled to immunity because appellants' claims were based on snow or ice conditions on a highway which were not affirmatively caused by the county.

Affirmed.