*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0694**

Justin K. Ayers, et al.,
Respondents,

vs.

John William Kalal, et al.,
Appellants.

**Filed December 21, 2015
Affirmed
Harten, Judge\***

Dakota County District Court
File No. 19HA-CV-14-2487

Christopher L. Goodman, Anderson, Helgen, Davis & Cefalu, P.A., Minneapolis, Minnesota (for respondents)

Patrick L. Arneson, League of Minnesota Cities, St. Paul, Minnesota (for appellants)

Considered and decided by Johnson, Presiding Judge; Larkin, Judge; and Harten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HARTEN**, Judge

Appellants, a city and its employee, challenge the district court's denial of their motion for summary judgment dismissing the personal-injury claims arising out of the

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

collision of a city snow plow with respondent's van, based on the district court's conclusions that summary judgment is precluded by genuine issues of material fact and that appellants are not entitled to summary judgment on the basis of common-law official immunity and vicarious official immunity or to statutory snow and ice immunity as a matter of law. Because we see no error of law in the district court's conclusions, we affirm.

## FACTS

About 6:45 a.m. on 11 January 2011, respondent Justin Ayers was driving south on Highway 13. As he approached the intersection of Highway 13 with Horizon Drive to the east and 117th Street to the west, a snow plow driven by appellant John Kalal, an employee of appellant City of Burnsville (the city), stopped at the stop sign on Horizon drive, then proceeded across the northbound lanes of Highway 13, across the median, and into the southbound lanes, where it collided with respondent's van. It is undisputed that the van had the right of way.[1]

Respondents brought this action against appellants, alleging that Kalal's negligence and violation of traffic laws caused the accident and that the city was vicariously liable for Kalal's acts. Appellants moved for summary judgment, alleging that they were protected from liability under common-law official immunity and vicarious official immunity or, in

---

[1] The state patrol accident report reads: "Vehicle 1 (City of Burnsville plow) was westbound on Horizon Drive and wanted to cross over Highway 13 to 117th st[reet]. Vehicle 1 attempted to go through the intersection and did not see vehicle 2 [respondent's van]. Vehicle 2 was southbound on Highway 13 in the right lane and had the right of way. Vehicle 1 failed to yield the right of way and crashed into vehicle 2." (Capitalization omitted.)

2

the alternative, under Minn. Stat. § 466.03, subd. 4 (2014) (conferring on municipalities immunity from liability for claims "based on snow or ice conditions on any highway").[2]

Following a hearing, appellants' summary judgment motion was denied. They challenge the denial.

## D E C I S I O N

This court reviews de novo a district court's summary judgment decision, determining "whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010).

Having found conflicting testimony as to "whether . . . Kalal saw [the van] before proceeding across Highway 13" and as to "the road conditions at the time of the accident," the district court noted in its memorandum that

> [s]ummary judgment is therefore not appropriate at this time. There are numerous material facts in dispute, as set forth in the findings, which are suitable for the trier of fact. [Moreover, appellants] are not entitled to judgment as a matter of law. As a result, the court is compelled to deny [appellants'] motion for summary judgment.

---

[2] Appellants also sought summary judgment on the grounds that they were entitled to discretionary immunity under Minn. Stat. § 466.03, subd. 6 (2014), and that they had no duty to comply with traffic laws under Minn. Stat. § 169.035, subd. 1 (2014). The district court denied summary judgment on these grounds, and appellants do not challenge the denials.

1. **Genuine Issues of Material Fact**

Genuine issues of material fact preclude summary judgment on the claims of common-law official immunity and vicarious official immunity. First, there is a genuine issue of material fact as to whether Kalal saw the van. The record reflects that, after the accident, four witnesses, including the state trooper, heard him say that he did not see it, but during the lawsuit he has consistently maintained that he did see it. There is another genuine issue of material fact as to whether Kalal was engaged in sanding and salting the road when the accident occurred. These fact issues preclude summary judgment. *See Thompson v. City of Minneapolis*, 707 N.W.2d 669, 673 (Minn. 2006) (reversing summary judgment based on official immunity because there were "competing versions" of the facts as to what actually happened).

A genuine issue of material fact also precludes summary judgment on the claim of statutory ice and snow immunity. *See* Minn. Stat. § 466.03, subd. 4 (2010) (providing that municipalities are immune from liability for claims "based on snow or ice conditions on any highway . . . ."). Here, the facts as to the condition of Highway 13 have yet to be developed. As the district court concluded, "there is a genuine fact dispute as to the conditions of Highway 13 at the time of the accident."[3] Therefore, summary judgment on the statutory-immunity claim is precluded. *See J.E.B. v. Danks*, 785 N.W.2d 741, 751

---

[3]Appellants assert in their brief that "the evidence shows that it was indeed snowing at the time of the accident[,]" while respondents quote an eyewitness's testimony that "it did not start snowing until after the collision" and the road was "wet but very clear . . . [with] no snow on it."

(Minn. 2010) (in the statutory-immunity context, reversing summary judgment because there was a genuine fact dispute on whether a report of abuse had been filed in good faith).[4]

The district court correctly determined that genuine issues of material fact precluded summary judgment on both the claim of common-law official immunity/vicarious official immunity and the claim of statutory snow and ice immunity.

## 2.     Judgment as a Matter of Law

The district court also denied summary judgment on the common-law official immunity/vicarious official immunity claims because "[appellants] are not entitled to judgment as a matter of law."

> Whether official immunity applies turns on (1) the conduct at issue; (2) whether the conduct is discretionary or ministerial and, if ministerial, whether any ministerial duties were violated; and (3) if discretionary, whether the conduct was willful or malicious. . . .
>     But common law immunity does not protect officials when they are charged with the execution of ministerial, rather than discretionary, functions.

---

[4] In arguing that they are entitled to statutory ice and snow immunity, appellants rely on *In re Alexandria Accident of Feb. 8, 1994*, 561 N.W.2d 543, 549 (Minn. App. 1997), *review denied* (Minn. June 26, 1997), and *Koen v. Tschida*, 493 N.W.2d 126, 128 (Minn. App. 1992) (same), *review denied* (Minn. Jan. 28, 1993), both of which found snow and ice immunity under Minn. Stat. § 446.03, subd. 4.  But a claimant seeking to avoid statutory snow and ice immunity "must show that a snow or ice condition leading to an accident was 'affirmatively caused by [a] negligent act, rather than just nature.'"  *Alexandria*, 561 N.W.2d at 549 (quoting *Koen*, 493 N.W.2d at 128).  Appellants' reliance is misplaced; even though the facts as to the cause of the accident here have not been established, both cases are distinguishable.  In *Alexandria*, the accident was caused by white-out conditions created by a snow plow.  561 N.W.2d at 545.  In *Koen*, the accident was caused by a driver losing control of his car on a patch of ice, sliding across the center line, and hitting another car, which was then also hit by a pickup truck; no snow plow was involved.  493 N.W.2d at 127.  Nothing comparable has been alleged as the cause of this accident.

*Shariss v. City of Bloomington*, 852 N.W.2d 278, 281 (Minn. App. 2014) (affirming summary judgment denying official immunity and vicarious official immunity after concluding that backing up a snow plow to give a school bus room to pass was a ministerial function) (quotation marks and citations omitted). The district court concluded that Kalal's function in driving a snow plow across Highway 13 was ministerial: "Kalal faced the simple task of crossing a road that require[d] him to yield . . . the right of way" and the city "had a policy that require[d] all plow operators to obey all traffic laws."

"As we have said many times, immunity analysis must focus on the particular conduct at issue." *Id.* at 283 (quotation omitted). The particular conduct at issue here was driving a snow plow from Horizon Drive across Highway 13 to 117th Street. Kalal was not plowing Highway 13; it had already been plowed prior to the collision. Kalal had driven snow plows across the intersection hundreds of times, and his supervisor testified that deciding when to proceed across Highway 13 is a simple and definite task.

"[The] mere existence of some degree of judgment or discretion will not necessarily confer common law official immunity; rather, the focus is on the nature of the act at issue." *Id.* at 282 (quotation omitted). Here, the act at issue was not plowing the snow: it was driving a snow plow across Highway 13. Every driver crossing a highway on a city street must exercise some judgment as to when it is safe to cross a highway. *See Schroeder v. St. Louis Cnty.*, 708 N.W.2d 497, 506-08 (Minn. 2006) (concluding that a road grader operator's decision to operate after sunset without activating his lights was "clearly ministerial," although his decision to grade against traffic was discretionary). Analogously, a snow plow operator's decisions to operate after sunset without activating

the vehicle's lights or to cross a highway without waiting for oncoming traffic would be "clearly ministerial," although the decision to plow against traffic would be discretionary.

Because driving a snow plow across a highway is not a discretionary act, appellants are not entitled to judgment as a matter of law on the basis of common-law official immunity and vicarious official immunity.

Both because genuine issues of material fact preclude summary judgment and because appellants were not entitled to judgment as a matter of law, we affirm the denial of summary judgment.

**Affirmed.**