**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0168**

Jason Hoff,
Respondent,

vs.

Earl Surman, et al.,
Appellants.

**Filed August 8, 2016
Affirmed
Bratvold, Judge**

Hennepin County District Court
File No. 27-CV-15-391

Robert A. Correia, Paul W. Schroepfer, Robichaud & Alcántara, P.A., Minneapolis, Minnesota (for respondent)

David Oskie, Oskie & Sofio, PLLC, St. Paul, Minnesota (for appellants)

Considered and decided by Reyes, Presiding Judge; Schellhas, Judge; and Bratvold, Judge.

## S Y L L A B U S

Statutory snow-and-ice immunity pursuant to Minn. Stat. § 466.03, subd. 4 (2014), does not extend to bar claims based solely on allegations of negligent driving.

## O P I N I O N

**BRATVOLD**, Judge

Appellants Earl Surman and the Metropolitan Council appeal from the district court's denial of their summary-judgment motion, arguing that respondent Jason Hoff's claims should be barred by statutory snow-and-ice immunity. Although the Minnesota

Municipal Tort Liability Act covers the Metropolitan Council and Surman as a governmental agency and its employee, we conclude that Minn. Stat. § 466.03, subd. 4, does not bar tort claims based on negligent driving. Because respondent's claim against appellants is based solely on negligent driving, we affirm the district court's decision.

## FACTS

The parties agree on most of the relevant facts. On February 25, 2014, a Metro Transit bus driven by Earl Surman rear-ended a van driven by respondent Jason Hoff. Hoff's van was traveling southeast on University Avenue in Minneapolis heading toward the intersection with 10th Avenue Southeast. According to Hoff's deposition, he slowed down in the right lane, preparing to turn, when he saw a bicyclist traveling parallel to him in the pedestrian area of a barricaded construction zone to his right. Hoff stopped to allow the bicyclist to cross. At that point, the bus driven by Surman hit Hoff's van, causing the van to move forward five to ten feet.

Hoff sued Surman and the Metropolitan Council as Surman's employer for personal injuries and related damages. Hoff's complaint alleged that Surman's negligence, and specifically his "failure to keep a proper lookout, failure to keep proper distance, failure to stop, and failure to control his vehicle caused the accident and [Hoff's] injuries." Hoff did not allege that the Metropolitan Council was responsible for maintaining the road on which the accident happened.

Appellants filed a joint answer, raising multiple affirmative defenses, including immunity under Minn. Stat. § 466.03, subd. 4. Appellants then sought summary judgment, maintaining that Hoff's complaint must be dismissed because the defendants "are protected

2

by statutory 'snow and ice' immunity, common law official immunity and vicarious official immunity."

During summary-judgment proceedings, the parties disagreed somewhat about the snow and ice conditions at the time of the accident. Surman testified in his deposition that the accident occurred "on a very hard-packed section of ice," as follows:

> From my vantage point it looked like the van was beyond the bike and that he was going to turn in front of the bike without hesitation. When I left the intersection I was on good pavement but when I started to go by the [construction] scaffolding, I had traveled onto pure ice. So when the van stopped abruptly, I hit the brakes. But I started to slide on the ice and didn't stop in time.

Appellants submitted Surman's affidavit and attached photos of the icy "shiny street surface" immediately following the accident. Appellants also submitted an affidavit from a Metro Transit safety specialist responsible for investigating the accident, containing his professional opinion that icy roads and high pedestrian traffic "combined to create a particularly complex driving environment." The specialist concluded that the "icy road conditions clearly were a factor in causing this accident." Appellants also relied on a Metro Transit Police incident report that concluded "[t]he bus driver was going slow but when he applied the brakes the bus slid on the icy road and rear ended the vehicle in front of him." Appellants additionally submitted documentation of the weather records from the date of the accident.

Hoff testified in his deposition that there were "icy conditions" on the day of the accident, but he insists that he "was able to stop where [he] was at." He also agreed that it

3

was very cold and that "there were icy areas all over the Twin Cities." In short, it is undisputed that the relevant stretch of road was icy on the day of the collision.

After a hearing, the district court denied appellants' joint motion for summary judgment, concluding that they were not entitled to official immunity or to statutory snow-and-ice immunity. Relying on the language of the relevant statute and related caselaw, the district court concluded that "Metropolitan Council's broad interpretation extending immunity to any municipal user of sidewalks and roadways is inconsistent with the duty of maintenance that underlies the entire snow and ice immunity section. It is also inconsistent with the principle that immunity granted by statute should be narrowly construed."

Appellants challenge the district court's denial of their summary-judgment motion, arguing that the district court erred in concluding that Hoff's claims are not barred by snow-and-ice immunity. They do not raise the issue of official immunity on appeal.

**ISSUE**

Did the district court err in its determination that statutory snow-and-ice immunity does not bar respondent Hoff's claims against appellants Surman and Metropolitan Council?

**ANALYSIS**

Whether government entities and public officials are protected by immunity is a legal question that this court reviews de novo. *Johnson v. State*, 553 N.W.2d 40, 45 (Minn. 1996). The party asserting immunity as a defense has the burden to demonstrate facts showing that it is entitled to immunity. *Rehn v. Fischley*, 557 N.W.2d 328, 333 (Minn.

4

1997). On a motion for summary judgment, "[j]udgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. On appeal from summary judgment, this court reviews whether any genuine issues of material fact remain and "whether the district court erred in its application of the law." *Dahlin v. Kroening*, 796 N.W.2d 503, 504 (Minn. 2011); *see* Minn. R. Civ. P. 56.03. We review the evidence in the light most favorable to the nonmoving party. *Gleason v. Metro. Council Transit Operations*, 582 N.W.2d 216, 217 (Minn. 1998).

"While denial of a motion for summary judgment is not ordinarily appealable, an exception to this rule exists when the denial of summary judgment is based on rejection of a statutory or official immunity defense." *Anderson v. Anoka Hennepin Indep. Sch. Dist. 11*, 678 N.W.2d 651, 655 (Minn. 2004). This is because "immunity from suit is effectively lost if a case is erroneously permitted to go to trial." *Gleason*, 582 N.W.2d at 218.

Municipal immunity from suit was once part of our common law, i.e., "sovereign immunity," and is now limited by statute. In 1963, the legislature "generally abolished sovereign immunity for political subdivisions of the state" when it passed the Minnesota Municipal Tort Liability Act, now codified at Minn. Stat. §§ 466.01-.15 (2014). *In re Heirs of Jones*, 419 N.W.2d 839, 841 (Minn. App. 1988); *see Doyle v. City of Roseville*, 524 N.W.2d 461, 462–63 (Minn. 1994). Section 466.02 provides that municipalities are liable for the torts of their officers, employees, and agents acting within the scope of employment.

Section 466.03, however, carves out some exceptions to this general rule establishing municipal liability, creating immunity in specific instances. *See* Minn. Stat. § 466.03 (listing exceptions). One exception confers immunity for "[a]ny claim based on snow or ice conditions on any highway or public sidewalk" except "when the condition is affirmatively caused by the negligent acts of the municipality." *Id.*, subd. 4(a).

Statutory grants of immunity are narrowly construed. *See Angell v. Hennepin Cty. Reg'l Rail Auth.*, 578 N.W.2d 343, 346 (Minn. 1998) (noting that the supreme court has consistently interpreted another immunity exception in the same statute narrowly). "[T]he goal of all statutory interpretation is to ascertain and effectuate the intention of the legislature." *Christianson v. Henke*, 831 N.W.2d 532, 536 (Minn. 2013) (quotation omitted). "The first step in statutory interpretation is to "determine whether the statute's language, on its face, is ambiguous." *Id.* (quotation omitted).

Appellants argue that the statute is unambiguous and they are entitled to statutory immunity because ice on the roadway was a causal factor in the accident. Appellants point out that "any" is used throughout Minn. Stat. § 466.03, including in subdivision 4, and signals a broad exception that is "without limit" and of wide application. Appellants quote the statute and argue "[t]hat snow and ice immunity applies to '*any claim* based on snow or ice conditions on any highway' is simply inescapable."

Hoff agrees with appellants that the Minnesota Municipal Tort Liability Act covers appellants as a governmental entity and its employee. Hoff argues, however, that his claim is not "based on snow or ice conditions" but rather on "Surman's failure to keep a proper lookout, failure to keep proper distance, failure to stop, and failure to control his vehicle."

6

He contends that "[s]now and ice immunity has been exclusively applied to municipalities responsible for maintaining public roadways."

The district court denied summary judgment after determining that snow-and-ice immunity is "directed at municipalities in charge of maintaining roadways" and that Hoff's claim is based on negligent driving. The district court appeared to rely on Minnesota's common law, which has long provided that a municipality has the duty to maintain public roads and sidewalks in a safe condition for travel. *See Loewe v. City of Le Sueur*, 277 Minn. 94, 97–98, 151 N.W.2d 777, 780 (1967) (citing *Callahan v. City of Virginia*, 230 Minn. 55, 58, 40 N.W.2d 841, 842–43 (1950)). We note that this duty existed before and after the abolition of sovereign immunity. *See Doyle*, 524 N.W.2d at 462–63.

We agree with the district court that the snow-and ice-immunity under Minn. Stat. § 466.03, subd. 4, does not extend to bar claims based solely on allegations of negligent driving for three reasons. First, subdivision 4's language must be narrowly construed. Section 466.03, subd. 4, unambiguously restricts the snow-and-ice exception to claims that are "based on snow or ice conditions." No statutory language extends immunity to claims based on negligent driving. In this case, Hoff's claims against appellants are solely based on negligent driving, even though snow and ice conditions were a factor.

Second, this court must give effect to all of the provisions in subdivision 4. *See* Minn. Stat. § 645.16 (2014) ("Every law shall be construed, if possible, to give effect to all its provisions."); *see also 328 Barry Ave., LLC v. Nolan Props. Grp., LLC*, 871 N.W.2d 745, 749 (Minn. 2015) ("We interpret a statute as a whole so as to harmonize and give effect to all its parts, and where possible, no word, phrase, or sentence will be held

7

superfluous, void, or insignificant." (quotation omitted)). Subdivision 4 includes exceptions that relate to a municipality's duty to maintain public roads and sidewalks in a safe condition for travel.[1] These exceptions do not make sense if subdivision 4 is broadly construed to provide immunity for municipal users of sidewalks and municipal drivers on roadways where the municipality is not engaged in maintenance.

Third, a narrow construction of snow-and-ice immunity in section 466.03, subdivision 4(a), is supported by Minnesota caselaw. No Minnesota case has applied snow-and-ice immunity to claims based on the negligent driving of a municipal agent. To the contrary, Minnesota cases considering the application of snow-and-ice immunity have consistently involved claims based on snow and ice conditions against public entities with the duty to maintain public sidewalks or highways. *See, e.g.*, *In re Alexandria Accident of Feb. 8, 1994*, 561 N.W.2d 543, 549 (Minn. App. 1997) (holding that snow-and-ice immunity "protects government entities from liability for damages caused by the natural consequences of snow plowing when the plowing was done pursuant to established snow-removal policies and the claimants have shown no willful acts or malfeasance"), *review denied* (Minn. June 26, 1997); *Berg v. City of St. Paul*, 414 N.W.2d 204, 208 (Minn. App. 1987) (holding that city was entitled to statutory snow-and-ice immunity for road

---

[1]  Subdivision 4(a) provides there is *no* immunity for a claim based on snow and ice conditions that are either (i) affirmatively caused by the negligent acts of the municipality, or (ii) found on public roads or sidewalks that abut publicly owned buildings or parking lots. Subdivision 4(b) provides that there is *no* immunity for a claim based on snow and ice conditions on abutting sidewalks when a municipality owns a building or parking lot in another municipality. But part (b) also explicitly states that the municipality in which the building or parking lot is located has immunity. Minn. Stat. § 466.03, subd. 4.

conditions it did not affirmatively cause); *Jones*, 419 N.W.2d at 840 (recognizing immunity for county under snow-and-ice exception and barring plaintiff's claim that "improper maintenance created a dangerous and slippery condition which caused [a] fatal accident"). In fact, one case explicitly refers to the snow-and-ice exception as "the exception for *removal* of ice and snow." *See Hennes v. Patterson*, 443 N.W.2d 198, 201 (Minn. App. 1989), *review denied* (Minn. Sept. 15, 1989) (emphasis added).

In other words, appellants' broad construction of snow-and-ice immunity is novel and unsupported in caselaw. Appellants claim that their position rests on *Koen v. Tschida*, 493 N.W.2d 126 (Minn. App. 1992), *review denied* (Minn. Jan. 28, 1993), in which the plaintiffs sought to circumvent snow-and-ice immunity by generalizing their negligence claims. The plaintiffs argued

> that the county was negligent in: (1) failing to cut down or trim pine trees adjacent to the highway which caused ice to form more readily on this stretch of [the road]; (2) failing to properly salt, sand, and maintain the highway; (3) failing to warn motorists that this particular road had a tendency to be more icy and slippery; and (4) posting a speed limit which was too high.

*Id.* at 127. This court rejected the argument, affirming summary judgment for the defendants in a passage that appellants now cite:

> Although appellants attempt to focus on other alleged causes of the accident, we conclude that all their claims are based on the fact the highway was icy and therefore, under the statute the county is entitled to immunity. We agree with the New Jersey court which concluded in interpreting a similar weather immunity statute: "when weather is the true culprit, the government is immune."

> Here, the trial court specifically found that "the slipperiness of the roadway was one of the factors contributing to the collision." While other alleged negligent acts may have contributed to the accident, Minn. Stat. § 466.03, subd. 4 does not condition immunity on the snow or ice condition being the *sole* basis for that claim.
>
> To remove the immunity granted by the statute merely because a party alleges causal factors other than the weather in its claim would render the statute ineffective.

*Id.* at 128 (citations omitted).

To support their position, appellants read the language in *Koen* out of context. They focus on the proposition that "when weather is the true culprit, the government is immune," *id.* (quotation omitted), arguing that because icy roads caused Hoff's crash, snow-and-ice immunity should apply. In *Koen*, the claim against the county was based on a multiple-vehicle collision on an icy road that the county was responsible for maintaining; plaintiffs did not claim that a county driver affirmatively caused the collision. *Id. Koen* is consistent with the plain language of the immunity statute because the plaintiffs sued the county for negligence in maintaining the highway, which is conduct the statute protects.

In contrast, Hoff's claim is based on Surman's negligent driving, which is conduct the statute does not protect. The crucial distinction between the county in *Koen* and the appellants here is that appellants are not responsible for maintaining the road on which the accident took place. While there is no dispute that the road was icy, Hoff does not allege—nor could he—that appellants were negligent for failing to remove snow and ice.

Appellants also rely on an unpublished decision to argue that this court has applied snow-and-ice immunity to protect a municipality that was not maintaining public roads at

the time of the accident. *See Jenkins v. Indep. Sch. Dist. No. 709*, No. C1-97-1456, 1998 WL 15908, at *2 (Minn. App. Jan. 20, 1998). Even assuming *Jenkins* supports appellants' argument, it is unpublished and not precedential. *See* Minn. Stat. § 480A.08, subd. 3 (2014) ("Unpublished opinions of the Court of Appeals are not precedential.").

In summary, Minnesota caselaw supports the plain meaning of section 466.03, subd. 4(a), which restricts snow-and-ice immunity to claims based on snow and ice conditions against a municipality that is responsible for the maintenance of a public road or sidewalk. Because Hoff's claim is based solely on negligent driving and not based on maintaining snow and ice conditions, the district court correctly denied summary judgment.

## D E C I S I O N

Because we conclude that snow-and-ice immunity does not apply to negligent-driving claims against a municipal agent merely because snow or ice may have been a factor in the accident, we affirm the district court's denial of appellants' summary-judgment motion.

**Affirmed.**